IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX ERAZO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-11-3737 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed this section 2254 habeas petition challenging his life sentence for murder. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

### I. Background and Claims

Petitioner was sentenced to life imprisonment on July 14, 2006, for the murder of his pregnant girlfriend. The sentence was affirmed on appeal. *Erazo v. State*, 260 S.W.3d 510 (Tex. App. – Houston [14th Dist.] 2008, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on November 19, 2008. Petitioner filed an application for state habeas relief on July 24, 2009. Public state court records show that the trial court adopted the State's Proposed Order Designating Issues on August 20, 2009, and that petitioner filed a motion requesting the trial court to resolve the issues on

October 5, 2010. No further action appears to have been taken by the trial court. Petitioner sought mandamus relief against the trial court on September 6, 2011, but the Texas Court of Criminal Appeals denied his request on October 5, 2011. As of this date, the application for habeas relief remains pending in the 208th District Court of Harris County, Texas.

In the instant federal petition, petitioner challenges his sentence under the same grounds he raised on direct appeal and in the pending state habeas proceeding.

## II. Analysis

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner filed his application for state habeas relief with the trial court on July 24, 2009, and the petition remains pending before that court. Consequently, petitioner has not presented all of the claims in the pending petition to the Texas Court of Criminal Appeals, and the claims are unexhausted. Because state process remains available, petitioner does not satisfy, nor has he requested application of, any statutory exception to

the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust. In the alternative, it is subject to dismissal as a mixed petition of exhausted and unexhausted claims.

### III. Conclusion

The petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies or, in the alternative, as a mixed petition of exhausted and unexhausted claims. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 27th day of October, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE